UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONICA GONZALEZ RIEDEL,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondents.

No. 1:26-cv-04763-DJC-CSK

RELEASE ORDER

A# 084-522-902

Petitioner is an immigration detainee proceeding with an Amended Petition for Writ of Habeas Corpus. The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and order Petitioner's release on this same basis. (ECF No. 15.) In light of the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026), Respondents have conceded that binding precedent establishes a statutory right to a bond hearing. (ECF No. 16.) But the lengthy delay in providing the

statutorily mandated bond hearing violates Petitioner's due process rights and justifies release. Respondents also mention Petitioner's 2025 arrest, but this does not justify the failure to provide Petitioner with adequate process.

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Amended Petition for Writ of Habeas Corpus (ECF No. 14) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Monica Gonzalez Riedel from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE